UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 1:17-cv-02583 (TFH) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, the U.S. Department of Justice ("DOJ"), by and through its undersigned counsel, respectfully submits the following Answer to plaintiff's Complaint filed on December 4, 2017.

Paragraphs 1 through 4 of the Complaint consist of plaintiff's characterization of this action, to which no response is required; to the extent that a response is required, Defendant denies these allegations.

## AFFIRMATIVE DEFENSES

Defendant reserves its right to amend, alter, and supplement the affirmative defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant through the course of this litigation.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of records protected from disclosure by one or more of the exemptions to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

## SECOND DEFENSE

Defendant Answers specifically the numbered paragraphs of plaintiff's complaint and without waiving any defenses and/or objections, defendant admits, denies, or otherwise avers as follows:

## JURISDICTION AND VENUE

5. This paragraph contains plaintiff's conclusions of law, to which no response is required.

6. This paragraph contains plaintiff's conclusions of law, to which no response is required.

## PARTIES

7. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 7.

8. Admit that defendant is an agency of the United States Government. The remainder of this paragraph consists of legal conclusions, to which no response is required; to the extent that a response is required, defendant denies the remaining allegations contained in paragraph 8.

## STATEMENT OF FACTS

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9; to the extent a response is required, defendant denies the allegations contained in paragraph 9.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10; to the extent a response is required, defendant denies the allegations contained in paragraph 10.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11; to the extent a response is required, defendant denies the allegations contained in paragraph 11.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12; to the extent a response is required, defendant denies the allegations contained in paragraph 12.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13; to the extent a response is required, defendant denies the allegations contained in paragraph 13.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14; to the extent a response is required, defendant denies the allegations contained in paragraph 14.

15. Defendant admits that plaintiff submitted a Freedom of Information Act ("FOIA") request, dated October 10, 2017, to the Department of Justice's FOIA/PA Mail Referral Unit. Defendant respectfully refers the Court to that request for a full and accurate statement of its contents.

16. Deny.

17. Defendant admits that plaintiff submitted a Freedom of Information Act ("FOIA") request dated October 10, 2017, to the Department of Justice's FOIA/PA Mail Referral Unit. Defendant respectfully refers the Court to that request for a full and accurate statement of its contents.

18. Admit. Defendant respectfully refers the Court to the request for a full and accurate statement of its contents.

19.     Admit. Defendant respectfully refers the Court to the request for a full and accurate statement of its contents.

20.     Admit. Defendant respectfully refers the Court to the request for a full and accurate statement of its contents.

21.     Defendant admits that the Department of Justice's FOIA/PA Mail Referral Unit sent plaintiff an acknowledgement letter dated October 11, 2017, providing the referenced tracking number. Defendant respectfully refers the Court to the referenced correspondence for a full and accurate statement of their contents.

22.     Defendant admits that an automated electronic response was issued to plaintiff when plaintiff's request was entered into its tracking system, but avers that its records indicate that this response was issued from the tracking system on October 12, 2017. The remainder of this paragraph contains plaintiff's characterization of that automated response to which no response is required. Defendant respectfully refers the Court to the referenced correspondence for a full and accurate statement of its contents.[1]

23.     Admit that defendant provided a letter to plaintiff dated November 8, 2017, advising plaintiff that OIP had not received plaintiff's FOIA request until October 11, 2017. The remainder of this paragraph contains plaintiff's characterization of that request to which no response is required. Defendant respectfully refers the Court to the request for a full and accurate statement of its contents.

24.     Admit that defendant advised plaintiff that the request fell within unusual circumstances and that defendant would need to extend the response time beyond the statutory

---

[1] Plaintiff's Complaint erroneously numbered paragraph 22 as paragraph 21. Thus, paragraph 22, and all ensuing paragraphs through the conclusion of this Answer do not correspond to the remaining paragraph numbering in plaintiff's Complaint.

limits. The remainder of this paragraph contains plaintiff's characterization of that request to which no response is required. Defendant respectfully refers the Court to the request for a full and accurate statement of its contents.

25. Deny.

26. Deny.

27. This paragraph contains plaintiff's conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 27.

28. This paragraph contains plaintiff's conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 28.

29. Defendant admits that, as of the date of the Complaint, Defendant had not provided plaintiff with a final determination on Plaintiff's FOIA request. The remaining allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the remaining allegations in paragraph 29.

## RESPONSE TO PLAINTIFF'S CLAIM FOR RELIEF

30. This paragraph consists of plaintiff's intentions to incorporate information contained in the foregoing paragraphs hereto, to which defendant has fully responded.

31. This paragraph contains plaintiff's conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 31.

Subparagraphs 1 through 6 of this Section contain plaintiff's prayer for relief, to which no response is required. To the extent a response is required, defendant denies that the plaintiff is entitled to the requested relief or any relief at all.

WHEREFORE, Defendant denies each and every allegation in the Complaint that has not been previously or otherwise qualified or denied.  Having fully answered plaintiff's complaint, defendant requests that the Court dismiss the Complaint with prejudice, at plaintiff's cost, and grant such other relief and further relief as the Court deems just and proper.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. BAR NUMBER 472845

DANIEL F. VAN HORN, D.C. Bar No. 924092
Chief, Civil Division

_____/s/_____
RHONDA L. CAMPBELL, D.C. Bar No. 462402
Assistant United States Attorneys
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2559
Rhonda.campbell@usdoj.gov

*Counsel for United States*